| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Kristin Zilberstein, Esq. (SBN 200041)<br>Jennifer R. Bergh, Esq. (SBN 305219)<br>1920 Old Tustin Ave.<br>Santa Ana, CA  92705<br>Tel: (949) 427-2010<br>Fax:  (949) 427-2732<br>Kzilberstein@ghidottilaw.com | |

☐ .Individual appearing without attorney
☒ Attorney for: Bridgecrest Credit Company, LLC

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br>Stefanie Ann Nelson | CASE NO.: 6:15-bk-15649-MJ<br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)** |
| Debtor(s). | DATE: July 10, 2018<br>TIME: 10:00 a.m.<br>COURTROOM: 303 |

**Movant:** Bridgecrest Credit Company, LLC,  its successors and assigns

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367      ☐ 1415 State Street, Santa Barbara, CA 93101
   ☒ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (if any)(Responding Parties), their attorneys (if any), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay, as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒  This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the hearing and appear at the hearing of this motion.

7.  ☐  This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

    a.  ☐  An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐  An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐  An application for order setting hearing on shortened notice and remains pending. After the court has ruled on that application, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  06/13/2018

                                                    The Law Offices of Michelle Ghidotti
                                                    _____
                                                    Printed name of law firm (if applicable)

                                                    Kristin Zilberstein, Esq.
                                                    _____
                                                    Printed name of individual Movant or attorney for Movant


                                                    /s/  Kristin Zilberstein
                                                    _____
                                                    Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                          Page 2                          F 4001-1.RFS.PP.MOTION

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO PERSONAL PROPERTY

1. Movant has a perfected security interest in the Property.

2. **The Property at Issue (Property):**

   a. ☒ Vehicle (*year, manufacturer, type, and model*): 2010 Ford Fusion

       *Vehicle Identification Number:* 3FAHP0HGXAR285426
       *Location of vehicle (if known):* In Debtor's Possession

   b. ☐ Equipment (*manufacturer, type, and characteristics*):

       *Serial number(s):*

       *Location (if known):*

   c. ☐ Other Personal Property (*type, identifying information, and location*):

3. **Bankruptcy Case History:**

   a. ☒ A voluntary bankruptcy petition  ☐ An involuntary bankruptcy petition
   under chapter  ☐ 7  ☐ 11  ☐ 12  ☒ 13  was filed on (*date*) 06/03/2015  .

   b. ☐ An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13  was entered on (*date*) _____.

   c. ☒ Plan was confirmed on (*date*) 07/20/2015  .

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

     (1) ☒ Movant's interest in the Property is not adequately protected.

       (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

       (B) ☒ The fair market value of the Property is declining and payments are not being made to Movant
   sufficient to protect Movant's interest against that decline.

       (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's
   obligation to insure the collateral under the terms of Movant's contract with Debtor.

       (D) ☐ Other (*see attached continuation page*).

     (2) ☐ The bankruptcy case was filed in bad faith.

       (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case
   commencement documents.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 3                                    **F 4001-1.RFS.PP.MOTION**

       (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

       (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

       (D) ☐ Other bankruptcy cases were filed in which an interest in the Property was asserted.

       (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    (3) ☐ *(Chapter 12 or 13 cases only)* All payments on account of the Property are being made through the plan and plan payments have not been made to the chapter 12 or chapter 13 trustee for payments due ☐ postpetition preconfirmation ☐ postpetition postconfirmation.

    (4) ☐ The lease has matured, been rejected or deemed rejected by operation of law.

    (5) ☐ The Debtor filed a statement of intention that indicates the Debtor intends to surrender the Property.

    (6) ☐ Movant regained possession of the Property on *(date)* _____, which is ☐ prepetition ☐ postpetition.

    (7) ☐ For other cause for relief from stay, see attached continuation page.

  b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

**5. Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

  a. ☐ These actions were taken before Movant knew that the bankruptcy petition had been filed and Movant would have been entitled to relief from stay to proceed with those actions,

  b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions,

  c. ☐ Other *(specify)*:

**6. ☐ Evidence in Support of Motion: *(Declaration(s) must be signed under penalty of perjury and attached to this motion)***

  a. The PERSONAL PROPERTY DECLARATION on page 6 of this motion.

  b. ☐ Supplemental declaration(s).

  c. ☒ The statements made by the Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in the Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit(s) 3 _____.

  d. ☐ Other:

**7. An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**Movant requests the following relief:**

1.  Relief from the stay is granted under: ☒ 11 U.S.C. § 362(d)(1) ☐ 11 U.S.C. § 362(d)(2)

2.  ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to repossess and sell the Property.

3.  ☐ Confirmation that there is no stay in effect.

4.  ☐ The stay is annulled retroactive to the petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5.  ☒ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6.  ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7.  ☐ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

8.  ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

9.  ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further stay shall arise in that case as to the Property.

10. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be
    ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☒ If relief from stay is not granted, the court orders adequate protection.

12. ☐ See continuation page for other relief requested

Date:  06/13/2018

The Law Offices of Michelle Ghidotti
_____
Print name of law firm

Kristin Zilberstein, Esq.
_____
Print name of individual Movant or attorney for Movant

/s/ Kristin Zilberstein
_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 5                          F 4001-1.RFS.PP.MOTION

## PERSONAL PROPERTY DECLARATION

I, (name of declarant) _Jose Magana_____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property (specify):

   a. ☐ I am the Movant.

   b. ☒ I am employed by Movant as (title and capacity): _Bankruptcy Team Lead_____

                                                  (title)

   c. ☐ Other (specify):

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans, leases, or extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (see attached):

3. The Property is:

   a. ☒ Vehicle (year, manufacturer, type, model and year): 2010 Ford Fusion

        Vehicle Identification Number: 3FAHP0HGXAR285426
        Location of vehicle (if known): In Debtor's Possession

   b. ☐ Equipment (manufacturer, type, and characteristics):

        Serial number(s):
        Location (if known):

   c. ☐ Other personal property (type, identifying information, and location):

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                  Page 6                                 F 4001-1.RFS.PP.MOTION

4.  The nature of Debtor's interest in the Property is:

    a.  ☒  Sole owner

    b.  ☐  Co-owner (*specify*):

    c.  ☐  Lessee

    d.  ☐  Other (*specify*):

    e.  ☒  Debtor ☒ did  ☐ did not  list the Property in the schedules filed in this case.

5.  ☐  The lease matured or was rejected on (*date*) _____:

    a.  ☐  rejected

        (1)  ☐  by operation of law.

        (2)  ☐  by order of the court.

    b.  ☐  matured.

6.  Movant has a perfected security interest in the Property.

    a.  ☐  A true and correct copy of the promissory note or other document that evidences the debt owed by the Debtor
        to Movant is attached as Exhibit _____.

    b.  ☒  The Property is a motor vehicle, boat, or other personal property for which a certificate of title is provided for
        by state law.  True and correct copies of the following items are attached to this motion:

        (1)  ☒  Certificate of title ("pink slip") (Exhibit 1_____).

        (2)  ☐  Vehicle or other lease agreement (Exhibit _____).

        (3)  ☒  Security agreement (Exhibit 2_____).

        (4)  ☐  Other evidence of a security interest (Exhibit _____).

    c.  ☐  The Property is equipment, intangibles, or other personal property for which a certificate of title is not provided
        for by state law.  True and correct copies of the following items are attached to this motion:

        (1)  ☐  Security agreement (Exhibit _____).

        (2)  ☐  UCC-1 financing statement (Exhibit _____).

        (3)  ☐  UCC financing statement search results (Exhibit _____).

        (4)  ☐  Recorded or filed leases (Exhibit _____).

        (5)  ☐  Other evidence of perfection of a security interest (Exhibit _____).

    d.  ☐  The Property is consumer goods.  True and correct copies of the following items are attached to this motion:

        (1)  ☐  Credit application (Exhibit _____).

        (2)  ☐  Purchase agreement (Exhibit _____).

        (3)  ☐  Account statement showing payments made and balance due (Exhibit _____).

        (4)  ☐  Other evidence of perfection of a security interest (*if necessary under state law*) (Exhibit _____).

    e.  ☐  Other liens against the Property are attached as Exhibit _____.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 7                          **F 4001-1.RFS.PP.MOTION**

7. Status of Movant's debt:

   a. The amount of the monthly payment: $ <u>Bi-Weekly in the amount</u> of $199.01 and one final payment in the amount of $198.39.

   b. Number of payments that became due and were not tendered: ☒ prepetition ☒ postpetition.

   c. Total amount in arrears: $ <u>0.00</u>

   d. Last payment received on (*date*): <u>06/01/2018</u> .

   e. Future payments due by the anticipated hearing date (*if applicable*): <u>1</u>
An additional payment of $ <u>199.01</u> will come due on (*date*) <u>06/16/2018</u> , and on the <u>bi-weekly</u> day of each month thereafter. If the payment is not received by the <u>n/a</u> day of the month, a late charge of $ <u>0.00</u> will be charged under the terms of the loan.

8. ☐ Attached as Exhibit _____ is a true and correct copy of a POSTPETITION payment history that accurately reflects the dates and amounts of all payments made by the Debtor since the petition date.

9. Amount of Movant's debt:

   a. Principal:.................................................................................. $ <u>11,953.72</u>
   b. Accrued interest: ...................................................................... $ <u>70.72</u>
   c. Costs (attorney's fees, late charges, other costs):...................... $ <u>631.00</u>
   d. Advances (property taxes, insurance): ...................................... $ <u>0.00</u>
   e. TOTAL CLAIM as of <u>06/03/2018</u> :........................................... $ <u>12,655.44</u>

10. ☐ (*Chapter 7 and 11 cases only*) Valuation: The fair market value of the Property is: $ _____.
This valuation is based upon the following supporting evidence:

   a. ☐ This is the value stated for property of this year, make, model, and general features in the reference guide most commonly used source for valuation data used by Movant in the ordinary course of its business for determining the value of this type of property. True and correct copies of the relevant excerpts of the most recent edition of the reference guide are attached as Exhibit _____.

   b. ☐ This is the value determined by an appraisal or other expert evaluation. True and correct copies of the expert's report and/or declaration are attached as Exhibit _____.

   c. ☐ The Debtor's admissions in the Debtor's schedules filed in the case. True and correct copies of the relevant portions of the Debtor's schedules are attached as Exhibit _____.

   d. ☐ Other basis for valuation (*specify*):

---

**NOTE:** If valuation is contested, supplemental declarations providing additional foundation for the opinions of value should be submitted.

---

11. Calculation of equity in Property:

   a. ☒ **11 U.S.C. § 362(d)(1) - Equity Cushion:**

      I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ <u>0.00</u> and is <u>0.00</u> % of the fair market value of the Property.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 8                          F 4001-1.RFS.PP.MOTION

b.  ☒  **11 U.S.C. § 362(d)(2)(A) - Equity**:

By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 10 above, I calculate that the Debtor's equity in the Property is $ 0.00 _____.

12.  ☒  The fair market value of the Property is declining because:
Vehicle depreciation and lack of payments. Property value is $4,100.00 and the total payoff is $ 12,024.44. Property valuation based on Nada Guide attached hereto as Exhibit "4".

13.  ☒  The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit *Declara*tion of Movant in connection to surrender of Vehicle is attached as Exhibit "5".

14.  ☐  Movant regained possession of the Property on (date) _____, which is:  ☐ prepetition  ☐ postpetition.

15.  ☒  (Chapter 12 or 13 cases only) Status of Movant's debt and other bankruptcy case information:

a.  The 341(a) meeting of creditors is currently scheduled for (or concluded on) (date) 07/13/2015
A plan confirmation hearing is currently scheduled for (or concluded on) (date) 07/20/2015
The plan was confirmed on (if applicable) (date) 07/20/2015

b.  Postpetition preconfirmation payments due BUT REMAINING UNPAID after the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| 0 | | $ 0.00 | $ 0.00 |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c.  Postconfirmation payments due BUT REMAINING UNPAID after the plan confirmation date (if applicable):

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| 0 | | $ 0.00 | $ 0.00 |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d.  Postpetition advances or other charges due but unpaid:                     $
(For details of type and amount, see Exhibit _____)

e.  Attorneys' fees and costs:                                                               $ 631.00
(For details of type and amount, see Exhibit _____)

f.  Less suspense account or partial paid balance:                            $ [                    ]

TOTAL POSTPETITION DELINQUENCY:                      $ 631.00

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                           Page 9                                      F 4001-1.RFS.PP.MOTION

g. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. The plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

16. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with Debtor.

17. ☐ The bankruptcy case was filed in bad faith:

a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

d. ☐ Other (*specify*):


18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

b. ☐ Multiple bankruptcy cases affecting the Property:

(1) Case name: _____
Chapter: _____   Case number: _____
Date filed: _____   Date discharged: _____   Date dismissed: _____
Relief from stay regarding the Property ☐ was  ☐ was not  granted.

(2) Case name: _____
Chapter: _____   Case number: _____
Date filed: _____   Date discharged: _____   Date dismissed: _____
Relief from stay regarding the Property ☐ was  ☐ was not  granted.

(3) Case name: _____
Chapter: _____   Case number: _____
Date filed: _____   Date discharged: _____   Date dismissed: _____
Relief from stay regarding the Property ☐ was  ☐ was not  granted.

☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                  Page 10                          **F 4001-1.RFS.PP.MOTION**

b.  ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c.  ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6-15-18 | Jose Magaña | _____ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                          Page 11                          F 4001-1.RFS.PP.MOTION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1920 Old Tustin Ave.
Santa Ana, CA 92705

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) ___6/18/2018___ , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Debtor's Counsel: David Lozano, notices@dlbklaw.com, mylozanoecfmail@gmail.com;R44560@notify.bestcase.com
Chapter 13 Trustee: Rod Danielson (TR), notice-efile@rodan13.com
U.S. Trustee: United States Trustee (RS), ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) ___6/18/2018___ , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Stefanie Ann Nelson, 5715 Orchard St West #34, Tacoma, WA 98467-3801 (U.S. Mail)
Judge: Honorable Meredith A. Jury, 3420 Twelfth Street, Suite 325, Riverside, CA 92501-3819 (U.S. Mail)
Judge: Honorable Mark D. Houle, 3420 Twelfth Street, Suite 365, Riverside, CA 92501-3819 (U.S. Mail)

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| ___6/18/2018___ | Jeremy Romero | /s/ Jeremy Romero |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

1  Kristin Zilbertsein, Esq., (SBN 200041)
   Jennifer R. Bergh, Esq., (SBN 305219)
2  LAW OFFICES OF MICHELLE GHIDOTTI
   5120 E. La Palma Ave. Ste. 206
3  Anaheim Hills, CA 92807
4  Ph:  (949) 354-2601
   Fax: (949) 200-4381
5  Kzilberstein@ghidottilaw.com

6  Attorney for Creditor
7  Bridgecrest Credit Company, LLC

8            IN THE UNITED STATES BANKRUPTCY COURT
             CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE
9

10 In re:                              **CASE NO.: 6:15-bk-15649-MJ**

11                                      **Chapter 13**
   Stefanie Ann Nelson,
12
                    Debtor.
13                                      **DECLARATION IN SUPPORT OF
                                         MOTION FOR RELIEF FROM THE
14                                       AUTOMATIC STAY**

15

16

17

18

19

20

21     I, _Jose Magana_____, declare and state as follows:

22        1.    I am over the age of eighteen years and not a party to this action.  The facts set for the

23 below are known to me personally based upon the review of the business records and I have first-

24 hand knowledge of them.  If called as a witness, I could and would testify competently under oath to

25 such facts.

26        2.    I am employed by Bridgecrest Credit Company, LLC, ("**Movant**") as _____

27 _Bankruptcy Team Lead_____ and am familiar with the subject Motor Vehicle Retail

28
                                        1                        6:15-bk-15649-MJ
                                                                 Declaration

1   Installment Sales Contract and Purchase Money Security Agreement ("**Contract**"), and the subject

2   Bankruptcy case.

3          3.      I am familiar with the manner and procedure by which the records of Movant are

4   obtained, prepared, and maintained.  Those records are obtained, prepared, and maintained by

5   employees or agents of Movant in the performance of their regular business duties at or near the

6   time, act, conditions, or events recorded thereon.  The records are made either by persons with

7   knowledge of the matters they record or from information obtained by person with such knowledge.

8   It is my business practice to maintain these records in the regular course of business.

9          4.      Movant has been responsible for the handling of all matters relative to the underlying

10  loan prior to the filing of the within motion, including but not limited to processing of all payments

11  received, crediting of received payments, adding all proper charges to the loan, confirming the

12  maintenance of hazard insurance and property taxes, property preservation where appropriate,

13  communicating with and responding to the borrower on all matters relative to the loan, and the

14  commencement of non-judicial foreclosure proceedings where appropriate.  All activities on the loan

15  advanced by Movant were advanced in accordance with the terms of the Contract.

16         5.      On June 3, 2015, Debtor, Stephanie Ann Nelson (the "**Debtor**") filed a Chapter 13

17  Petition in the Central District of California, Petition No.: 15-15649.

18         6.      On June 3, 2015, Debtor also filed a Chapter 13 Plan in which Debtor provided for

19  Movant and proposed to make post-petition payments directly to Movant.

20         7.      On June 11, 2018, Debtor called Movant and indicated that Debtor intends to

21  surrender the Vehicle and asked for the Vehicle to be picked up in Washington.

22  I declare under penalty of perjury under the laws of the United States of America that the foregoing

23  is true and correct.

24  Executed on _6-15-18___ (Date) _Fort Worth_____ (City), _TX__ (State)

25

26  _____
                Signature

27  _____
               Print Name

28

2

# EXHIBIT "1"

**VINtek**
*THE NATION'S LIEN MACHINE.™*

## Lien and Title Information Report

2880-DT Acceptance Corp

| | | | |
|---|---|---|---|
| | | **VIN** | 3FAHP0HGXAR285426 |
| **Customer** | Stefanie Ann Nelson | | |
| **Organization ID** | 2880 | **Organization Name** | DT Acceptance Corp |
| **Lien Start** | 05/15/2015 | **Lien End** | |
| **Lien Type** | Retail | **Dealer ID** | |

### Last ELT Transactions

| | |
|---|---|
| Sent On | Pending State Response |
| 2015-07-06 14:30:59.0 | Request Printing of Paper Title |

### Borrower / Lesee Details

| | |
|---|---|
| **Name** | Stefanie Ann Nelson |
| **Address** | 6147 Orangewood Dr,Rancho Cucamonga CA,91701 |

### Vehicle Information

| | | | |
|---|---|---|---|
| **Vehicle Type** | Auto | **Make** | FORD |
| **Model** | FUSION FWD V6 FFV | **Year** | 2010 |
| **Mileage** | 0 | | |

### Title Information

| | | | |
|---|---|---|---|
| **Title Number** | REDACTED | itle State | CA |
| **Tag Number** | | IN | 3FAHP0HGXAR285426 |
| **Status** | MATCHED | **Match Date** | 06/19/2015 |
| **Lien Expiration Date** | | **Media Type** | Electronic |

### State Information

| | | | |
|---|---|---|---|
| **Name** | NELSON,STEFANIE ANN | **Lessee** | |
| **Address** | 6147 ORANGEWOOD DR,RCH CUCAMONGA CA,91701 | | |
| **Vehicle Type** | | **Make** | FORD |
| **Model** | 4D | **Year** | 2010 |
| **Mileage** | 49970 | | |
| **Title State** | CA | **Title Number** | REDACTED |
| rands | 68 CA: ACTUAL MILEAGE | | |

# EXHIBIT "2"

REPRINT DATE: 05/15/2015

**CONDITIONAL SALE CONTRACT AND SECURITY AGREEMENT**    SALES DATE: 05/15/2015

| Buyer (and Co-Buyer) Name and Address | Dealer/Creditor Name and Address |
|---|---|
| Stefanie Ann Nelson | DRIVETIME CARSALES COMPANY LLC |
| | MONTCLAIR |
| 6147 Orangewood Dr | 10477 CENTRAL AVE. |
| | MONTCLAIR, CA 917634404 |
| Rancho Cucamonga, CA 917013433 | |

You, the Buyer (and Co-Buyer, if any) shown above, agree to buy the motor vehicle described below (the "Vehicle") on credit subject to the terms and conditions of this contract and security agreement (the "Contract"). By signing below, you represent that you have been quoted only one cash price for the Vehicle. "We", "us" and "our" refer to the Dealer shown above.

| New/Used | Model Year and Make | Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2010 Ford | Fusion | 3FAHP0HGXAR285426 | [X] Personal  [ ] Agricultural |
| | | | | [ ] Business |

Trade-In:    Year _____    Make _____    Model _____

### FEDERAL TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | Amount Financed The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid when you have made all scheduled payments | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 1,000.00 |
|---|---|---|---|---|
| 17.994 % | $ 12,269.65 | $ 18,974.30 | $ 31,243.95 | $ 32,243.95 |

**Payment Schedule**

| Number of Payments | Amount of Each Payment | When Payments Are Due | |
|---|---|---|---|
| 156 | $199.01 | BiWeekly beginning | 06/06/2015 |
| 1 | $198.39 | Ending | 05/29/2021 |

**Prepayment:** If you pay off your debt early, you will not have to pay a penalty.
**Late Payment:** You must pay a late charge on the part of each payment not made within 10 days after the date the payment is due. The charge is 5% of the unpaid amount of the payment due.
**Security Interest:** You are giving a security interest in the Vehicle being purchased.
Please read this Contract for additional information on security interests, non-payment, default, and our right to require repayment of your debt in full before the scheduled maturity date.

CALIFORNIAANCILLARYRCV01 (10/7/2014)    Page 1 of 5

**ITEMIZATION OF AMOUNT FINANCED**

**1. Cash Price Itemization**

| | | |
|---|---|---|
| A. Cash Price (excluding items 1.B to K.2) | | $14,495.00 (A) |
|    (1) Cash Price of Vehicle | $14,495.00 | |
|    (2) Cash Price Accessories | $ N/A | |
| B. Document Preparation Fee (not a governmental fee) | | $79.00 (B) |
| C. Smog Fee Paid to Seller | | $29.75 (C) |
| D. (Optional) Theft Deterrent Device paid to   N/A | | $ N/A (D) |
| E. (Optional) Surface Protection Product paid to   N/A | | $ N/A (E) |
| F. Sales Tax (on taxable items A through E) | | $1,168.30 (D) |
| G. (Optional) DMV Electronic Filing Fee | | $ N/A (E) |
| H. Service Contract (Optional) | | $2,895.00 (H) |
| I. Prior Credit or Lease Balance paid by Seller to:  N/A | | $ N/A (I) |
|   (see downpayment and trade-in calculation) | | |
| J. Other (to whom paid)  DriveTime | | $595.00 (H) |
|   For Optional Debt Cancellation Agreement | | |
| K.1 (Optional) Used Vehicle Contract Cancellation Option Agreement | | $ N/A (K1) |
| K.2 Other (to whom paid)*  DriveTime | | $0 (K2) |
|   for  GPS | | |
| Total Cash Price (A through K.2) | | $19262.05 (1) |

**2. Amounts Paid to Public Officials**

| | |
|---|---|
| A. License Fees | $15.00 (A) |
| B. Registration / Transfer / Titling Fees | $194.00 (B) |
| C. California Tire Fees* | $ N/A (C) |
| Total Official Fees (A through D) | $209.00 (2) |

**3. Amount Paid to Insurance Companies (Total Premiums)**    $ N/A (3)

**4. Smog Certification, Noncompliance, Exemption, or Waiver Fee Paid to State**    $8.25 (4)

**5. Subtotal (1 through 4)**    $19479.3 (5)

**6. Total Down Payment**

| | |
|---|---|
| A. Agreed Trade-In Allowance  Yr _____ Make _____ | $0 (A) |
| Model _____ Odom _____ VIN _____ | |
| B. Less Prior Credit or Lease Balance | $0.00 (B) |
| C. Net Trade-In (A less B) (indicate if negative number) | $0.00 (C) |
| D. Deferred Downpayment | $ N/A (D) |
| E. Manufacturer's Rebate | $ N/A (E) |
| F. Other _____ N/A _____ | $ N/A (F) |
| G. Cash | $1000 (G) |
| Total Downpayment (C through G) | $ 1,000.00 (6) |

**7. Prepaid Finance Charge  GPS**    $495.00 (7)

**8. Amount Financed (5 less 6)**    $ 18,974.30 (8)

---

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

**WARNING:**
  YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
  FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
  THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S  x  Retail Sales Contract      x  Retail Sales Contract

---

If you have a complaint concerning this sale, you should try to resolve it with the seller. Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or any investigator for the Department of Motor Vehicles, or any combination thereof. After this Contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

| Retail Sales Contract | Retail Sales Contract |
|---|---|
| **Buyer Signs** | **Co-Buyer Signs** |

CALIFORNIAANCILLARYRCV01 (10/7/2014)

## STATEMENT OF INSURANCE

NOTICE: No Person is required as a condition precedent to financing the purchase of an automobile that any insurance be purchased through a particular insurance agent or broker.

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR A PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You must insure the Vehicle and other property securing this Contract. See the "Vehicle Insurance" section of this Contract. You are not required to provide any other insurance

You may buy the required Property Insurance from any company reasonable acceptable to us.

Buyer: _____

Co-Buyer: _____

Seller: _____

## NOTICES REQUIRED BY FEDERAL LAW

Used motor vehicle Buyers Guide. If you are buying a used vehicle with this Contract, federal regulations may require a special Buyers Guide to be displayed on the window of the Vehicle. **THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

**NOTICE - ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**Promise to Pay and Payment Terms:** You promise to pay us the Amount Financed, plus Finance Charges accruing on the unpaid balance at the rate of **17.994%** per year (the "Contract Rate") from today's date until paid in full. Finance charges accrue on a daily simple interest basis. As outlined about in the Truth In Lending Disclosures you agree to pay this Contract according to the payment schedule by paying the amount stated in the Total of Payments box, or a greater amount. You also agree to pay the late charge shown above and any additional amounts according to the terms and conditions of this Contract.

**General Terms; Payments:** You have been given the opportunity to purchase the Vehicle and any other products and services identified in this Contract for the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any other products or services – plus the Finance Charges if you buy them over time. You agreed to purchase the items over time. The Total Sale Price in the TRUTH IN LENDING DISCLOSURES assumes that you will make all payments as scheduled. The actual amount you will pay may be more or less depending on your payment record. You may prepay this Contract at any time without penalty.

**Security Interest:** To secure your obligations, you give us a "first priority" security interest in the Vehicle, all accessions, attachments, accessories and equipment placed in or on the Vehicle and all proceeds of the Vehicle. You also agree to give us a security interest in all money or goods received for the Vehicle and all insurance premiums, service and other contracts we finance. The security interest secures payment of all amounts you owe in this Contract and performance of your other agreements in this Contract. You agree a "first priority" security interest is a security interest before any other party's lien, claim, interest or right in or to the Vehicle. You will not grant anyone else a security interest, lien or any other claim to the Vehicle without our express prior written consent. We reserve our right to setoff insurance proceeds or excess amounts of estimated official fees and taxes that we may receive against the principal amount of what you owe us under the Contract to the extent not prohibited by applicable law.

**Finance Charges:** This is a simple interest Contract. The finance charges you pay will depend on how you make your payments. Your actual finance charges may be more than the disclosed Finance Charges if you make your payments late or in less than the scheduled amount. We will apply payments to late charges, finance charges and to the unpaid balance of the Contract in any manner we choose unless we are required by law to apply payments in a particular order. Finance charges are earned by applying the Contract Rate to the unpaid balance of the Contract for the time such balance is owed, subject to the finance charge free period, if any, described on the first page of this Contract.

**Use of Vehicle:** You must take care of the Vehicle. You must obey all laws in using it. You must keep the Vehicle in your possession at the Buyer's address shown above, unless we approve another address in writing. You may not sell or transfer any rights in the Vehicle without our prior written consent. You must keep it free from the claims of others. You will not take it out of the United States without our prior written consent. You will immediately tell us of any change in your address or the address where the Vehicle is regularly kept. You agree not to add to the Vehicle any accessories, equipment or any other property in which any other person has an ownership or security interest.

**Warranties Seller Disclaims:** Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this Contract, **the Seller makes no warranties, express or implied, on the Vehicle, and there will be no implied warranties of merchantability or fitness for a particular purpose.** This provision does not affect any warranties covering the vehicle or parts thereof that the Vehicle manufacturer or parts supplier may provide. Only the manufacturer or supplier shall be liable for performance under their warranties. If the Seller has sold you a certified used Vehicle, the warranty of merchantability is not disclaimed.

**Vehicle Insurance:** You must insure yourself and us for the term of this Contract against loss or damage to the Vehicle with a policy in the Buyer's name. You must maintain comprehensive fire, theft and collision coverage, insuring the Vehicle in an amount acceptable to us, name us as loss payee and provide whatever evidence of insurance we request. We must approve the type and amount of insurance that you obtain. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. If you do not maintain the required insurance ,we may buy substantially similar coverage at your expense. We may add the cost of such insurance to your obligations due under this Contract and/or collect those costs separately from you. You agree to pay such costs either upon our demand or in installments, subject to a finance charge at the Contract Rate, if we elect to apply a finance charge. The insurance we buy may, at our option, protect only our interest, or both your interest and ours. **Insurance we buy may cost substantially more than insurance you buy.** We will cancel the insurance we buy if you give us satisfactory proof of insurance reasonably acceptable to us. **Whether or not the Vehicle is insured, you will pay us all you owe under this Contract even if the Vehicle is lost, damaged beyond repair, or destroyed.**

You are not required as a condition of financing the purchase of the Vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. Your choice of insurance providers will not affect our decision to sell you the Vehicle or extend credit to you.

**Returned Check Charge:** If you make any payment required by this Contract with a check that is returned or dishonored you agree to pay a charge equal to $15. If the fee is not paid when due, we may add this fee to the unpaid balance of this Contract.

**Default:** You will be in default if any one of the following occurs (except as may be prohibited by law):
1. You fail to make any payment due under this Contract, including any down payment, in full when such payment is due.
2. We are unable to obtain a first priority security interest in the Vehicle.
3. You give another person a security interest in the Vehicle without our consent.
4. You fail to obtain or maintain insurance on the Vehicle as required by this Contract.
5. You gave us false or misleading information on your application relating to this Contract, if we cannot verify any information that you have provided us, if any information you provided to us is false, if we discover a material adverse change in such information during the review process, or if you do not cooperate in the verification and review process described below.
6. You fail to keep any other agreement or promise you made in this Contract.
7. You die, become incompetent, generally fail to pay your debts when they become due or if you file a bankruptcy petition or if one is filed against you.
8. The Vehicle is lost, **damaged beyond repair, or destroyed** or any other event occurs that causes us to believe that our prospects for payment or realization upon the Vehicle are impaired.

If you are in default, we may require you to pay at once the unpaid Amount Financed, the earned and unpaid part of the Finance Charge and all other amounts due under this Contract (the entire unpaid balance). If as a consequence of your default we require that you pay the entire unpaid balance, we will charge you interest at the Contract Rate on the entire unpaid balance from the date of our notice to you demanding payment of the entire unpaid balance. Additionally, we may take back (repossess) the Vehicle. We may also take items of personal property found in the Vehicle when we take back the Vehicle and hold them for you. If, after providing you with notice of our intent to dispose of such personal property as required by law and after allowing you time to claim the property as required by applicable law you do not claim your personal property, we will dispose of the personal property in a commercially reasonable manner.

We may cancel any insurance or other products or services you have purchased in this Contract and apply any refunds we receive to the amount you owe. You agree to pay any attorneys' fees we incur at any time in collecting amounts you owe under this Contract, including during any bankruptcy proceedings or upon any appeal.

If we take back the Vehicle, we will sell it unless you exercise any right to cure or redeem the Vehicle that you may have under state law. The sale proceeds, less the actual amounts we pay for retaking, holding, preparing for disposition, processing and disposing of the Vehicle, and less our attorneys' fees and legal costs to the extent such costs, fees and expenses are permitted by applicable law, will be used to pay the amount you owe on this Contract. Any money left will be paid to you unless the law requires that we pay it to someone else. If the sale proceeds are not enough to pay off this Contract and costs, and we have complied with the applicable notice requirements, you will be obligated to pay us what is still owed (the deficiency).

We can, without notice, delay enforcing our rights or exercise only part of them without losing them, waive a right we have without waiving it for subsequent opportunities to exercise that right, and waive a right we have as to one Buyer without waiving it as to the other(s). You also expressly waive demand for payment, notice of non-payment, presentment, notice of dishonor, protest, notice of protest, notice of intent to accelerate and notice of acceleration.

**Assignment:** You may not assign your rights under this Contract without our permission. We may sell or assign our rights in this Contract without your permission. We may sell or assign this Contract for an amount that is more than or less than the Amount Financed.

**General:** Any change in this Contract must be written and signed by you and us. The law of the state of the Dealer's place of business shown in this Contract applies to this Contract. If that law does not allow all the agreements in this Contract, the ones that are not allowed will be void. The rest of this Contract will still be good. You promise you have given a true payoff amount on any vehicle traded in. If that payoff is more than the amount shown in 6.B in the Itemization of the Amount Financed on the second page of this Contract, you must pay us the excess upon demand.

Waiver of California Vehicle Code Section 1808.21: You waive the provisions of Californai Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

**After-Sale Review and Verification Process:** The Vehicle sold to you is subject to an after-sale review and verification of the information you have provided to us. You have agreed to cooperate with the after-sale review and verification process.

**References/Credit Reports:** We may contact your employer or your references to verify the information you provided to us in your application or in connection with this Contract. We may also contact your employer or your references if we are unable to locate you. The servicer of this Contract may also do so. Federal or state law may limit these contacts. You also consent to us or a servicer, obtaining a credit report(s) in connection with the servicing of the Contract.

**Odometer (mileage):** Each of your and our representations regarding odometer readings are subject to information provided by others, including government agencies. We each understand that this information is not always accurate. As permitted by applicable law, neither of us is responsible for any inaccuracies in this information to the extent it is not the party's fault.

**Liability Insurance Required:** You understand that state law requires you to purchase and maintain liability insurance. We do not provide liability insurance for you and it is not included in your Contract. You are not required as a condition of financing the purchase of the Vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. Your choice of insurance providers will not affect our decision to sell you the Vehicle or extend credit to you.

**Record Retention:** You agree that we may maintain documents and records related to the Vehicle and the Contract electronically, including, but not limited to, documents and record images, and that we may dispose of original documents. You agree that a copy of any such electronic records may be used and shall be deemed to be the same as an original in any arbitration, judicial, or non-judicial or regulatory proceeding relating to the Vehicle.

**Assignment of Dealer:** For value received, Dealer hereby transfers to DT ACCEPTANCE CORPORATION ("Assignee") all of its right, title, and interest in the Contract and the Vehicle. This transfer and assignment is made pursuant to and is subject to any Agreement between Dealer and Assignee by which Assignee has agreed to accept the transfer and assignment of contracts from Dealer.

**Arbitration Agreement:** The arbitration agreement entered into between you and Dealer is incorporated by reference into and is a part of this Contract.

**GPS System:** If applicable, the Buyer Disclosure Statement and Agreement for Installation of a GPS System becomes incorporated into and is a part of this retail installment contract.

---

**Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.**

---

**THERE IS NO COOLING OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**

California law does not provide for a "cooling off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this Contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this Contract with the agreement of the seller or for legal cause, such as fraud.

However, California law does require a seller to offer a 2 day contract cancellation option on used vehicles with a purchase price of less than $40,000, subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU ACKNOWLEDGE THAT YOU HAVE READ ALL PAGES OF THIS CONTRACT. YOU ALSO ACKNOWLEDGE RECEIPT OF A TRUE AND COMPLETELY FILLED IN COPY OF ALL PAGES OF THE CONTRACT AT THE TIME YOU SIGN IT.

---

X ~~Retail Sales Contract~~
**Buyer Signs**

X Retail Sales Contract
**Co-Buyer Signs**

By signing below, the Dealer/Creditor accepts this Contract

X <u>DriveTime</u>
**Dealer Creditor**

X _____
**By**

X _____
**Title:**

# EXHIBIT "3"

B6D (Official Form 6D) (12/07)

In re   **Stefanie Ann Nelson**                                                    ,                Case No. _____

                                                              Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | | |
| Account No. **xxxxxxxx2301**<br><br>**Drivetime Carsales Company, LLC**<br>**10477 Central Avenue**<br>**Montclair, CA 91763** | | - | | | **2015**<br><br>**Automobile Loan**<br><br>**2010 Ford Fusion** | | | | | |
| | | | | | Value $              **9,354.00** | | | | **18,000.00** | **0.00** |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| __0__ continuation sheets attached | | | | | | Subtotal<br>(Total of this page) | | | **18,000.00** | **0.00** |
| | | | | | | Total<br>(Report on Summary of Schedules) | | | **18,000.00** | **0.00** |